IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation, | : : : | |
| Plaintiff, | : : | |
| vs. | : : | 5:06-CV-133 (CAR) |
| NUCOR DRILLING, INC., a Georgia corporation, and JAMES JONES, individually, | : : : : | |
| Defendants. | : | |

*ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT*

Before the Court is Plaintiff's Motion for Entry of Default Judgment [Doc 10] in which Plaintiff General Electric Capital Corporation ("GE Capital") moves this Court to enter default judgment against Defendants Nucor Drilling, Inc. ("Nucor") and James Jones due to their failure to timely file answers to Plaintiff's Complaint. For the reasons stated below, Plaintiff's Motion for Entry of Default Judgment is **DENIED**.

**BACKGROUND**

On December 30, 2005, GE Capital and Nucor entered into a security agreement wherein GE Capital loaned Nucor $1,845,000.00, and Nucor granted GE Capital a security interest in various pieces of heavy drilling equipment owned by Nucor. In connection with the loan by GE Capital, Nucor executed and delivered a promissory note which requires monthly installment payments. Jones, the president of Nucor, personally guaranteed the obligations of Nucor under the security agreement.

1

On April 25, 2006, four months after entering into the agreement, GE Capital filed this action against Defendants alleging Nucor defaulted under the security agreement and promissory note due to Nucor's failure to make the required payments. Together with the Complaint, GE Capital filed a Motion for Preliminary Injunction, a Motion for Temporary Restraining Order and a Motion for Writ of Possession.

On May 5, 2006, ten days after GE Capital filed the Complaint and the motions, the Court held a hearing on the three motions. All parties were represented at the hearing: attorney R. Michael Thompson represented GE Capital, and James Jones, *pro se*, represented Nucor and himself. At the hearing, Jones stated that most of the drilling equipment encumbered by the security agreement had been returned to GE Capital, and he would deliver the rest of the equipment. Based on this information, the Court denied the motions.

On May 24, 2006, fourteen days after the hearing, GE Capital moved this Court for Default Judgment. The Clerk's Entry of Default was entered on July 19, 2006. Two days later, on July 21, 2006, Defendants, *pro se*, filed their Answers to the Complaint.

## DISCUSSION

GE Capital argues that this Court should enter default judgment against Defendants due to their failure to timely answer Plaintiff's Complaint. Under Rule 12, "a defendant shall serve an answer within 20 days after being served with the summons and complaint." Fed. R. Civ. P. 12(1)(B). GE Capital served Defendants with a Summons and a copy of the Complaint on April 28, 2006. Therefore, each Defendant's Answer was due on May 18, 2006. Defendants, however, did not file their answers

2

until July 21, 2006, over two months after the deadline. Based on these facts, GE Capital moves this Court to enter default judgment against Defendants for their untimely answers.

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. The decision to enter a default judgment "is discretionary.... Entry of judgment by default is a drastic remedy which should be used only in extreme situations.... [T]he usual preference [is] that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). Judgments by default are not generally favored. Ochoa v. Principal Mut. Ins. Co., 144 F.R.D. 418, 420 (N.D. Ga. 1992).

The exceptional circumstances that would justify entries of default judgment for Defendants are not present in this case. Defendants appeared and participated in the hearing regarding GE Capital's Motion for Preliminary Injunction, Motion for Temporary Restraining Order, and Motion for Writ of Possession. Furthermore, at this time both Defendants have filed their answers. GE Capital has not shown that the delay in Defendants' failure to file answers to its complaint prejudiced GE Capital in any way, nor can the Court think of any prejudice considering its crowded docket. Id. In light of these circumstances and the usual preference that cases be heard on the merits, the Court finds default judgment inappropriate in this case.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Entry of Default Judgment [Doc. 10] against Defendants is **DENIED**.

**SO ORDERED**, this 11th day of December, 2006.

                                              S/ C. Ashley Royal
                                              C. ASHLEY ROYAL, JUDGE
                                              UNITED STATES DISTRICT COURT

SSH/aeg